Green, J.
delivered the opinion of the court.
The following facts appear in this case : at November term of the circuit court of Montgomery county, the plaintiff filed *489 his petition, setting forth that he is administrator of Sarah Ann Trice; that she owes sundry debts ; that there is no personal property [with which to pay them, and that a lot of ground in the town of New Providence belongs to her estate, which he prays may be sold.
This petition is ex parte, the heirs of Sarah Ann Trice not being parties thereto.
At the same term of the court a decree was made that the clerk sell the lot of land mentioned in the petition. The clerk sold the lot on the 14th of January, 1848, when the defendant, A. P. Niblett, became the purchaser, at the price of $600, and executed his two notes to the clerk, for $300 each. At March term, 1848, the clerk made his report, and the same was confirmed by the court.
At September term, 1848, the court entered up judgment against Niblett and his sureties on the note first due ; and at May term, 1849, judgment was rendered on the second note.
At the last mentioned term, Niblett filed his petition, setting forth the foregoing facts, and alleging that he would get no title by his purchase, and praying to be discharged therefrom, and that said judgment be vacated. Thereupon the last judgment was vacated, and the first judgment was ordered to be suspended; and leave was given the administrator to file an amended petition, which was done, and in which the heirs of Sarah Ann Trice were made parties. Several of these heirs were minors, and at the same term that the amended petition was filed, this court appointed for them a guardian pendente lite, who at the same time filed his answer, admitting the existence of debts, and that there was no personal property, and also admitting that the sale made by the clerk of the lot in question, was a judicious sale, and that the same is ratified and confirmed. The court thereupon, at September, 1849, made a decree confirming said sale, and divest *490 ing the title out of the said heirs and vesting it in Niblett. the purchaser.
At the January term, 1850, the court entered up judgment against Niblett on the second note, and ordered the balance due upon the first note to be collected. At the same term, the court dismissed the petition of Niblett, from which several orders and decrees, the defendant Niblett appealed to this court.
Upon this statement of the case, we think the court erred in enforcing the payment of the money bid by Niblett at this sale. The sale was merely void. There were no proper parties to give the court jurisdiction; and no preliminary inquiry was had, as to whether there were personal assets, and what debts remained unpaid, as the act of 1827 requires. The sale being thus void, it was not competent for the court, by any subsequent proceeding, to force a title upon the purchaser without his consent though such title were unquestionable. But the subsequent proceedings were irregular. A guardian ad litem cannot, by any admission in an answer, divest his ward, of the title to his estate. The defendant Niblett, therefore, has no better title by the subsequent proceeding, than he acquired by the original purchase. The entire proceeding is irregular and must be set aside, and the administrator’s petition dismissed, to the end, that a proper and regular proceeding may be had.
*491 CASES ARGUED AND DETERMINED IN THE SUPREME COURT OF TENNESSEE. JACKSON: APRIL TERM, 1851.